

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 13, 1949

Hon. M. E. Gates
County Attorney
Walker County
Huntsville, Texas

Opinion No. V-882

Re: Compensation of the
sheriff of Walker
County.

Dear Sir:

Your request for an opinion is, in part, as follows:

"1. If the Court should allow the twenty-five per cent increase as provided for in S.B. No. 92, would it in any way affect or repeal the twenty-five per cent, already allowed under S.B. No. 123, above referred to. You will notice that under S.B. No. 92 in Section one it provides that the increase would be twenty-five per cent of the sum allowed under the law for the fiscal year of 1948; and, therefore, the Court desires to know whether or not Section one of S.B. No. 92 repeals S.B. No. 123, and whether the officers would be entitled to both increases?

"2. Is your answer to question one applicable to Section two of S.B. No. 92, with reference to deputies, assistants and clerks?

"3. Section three of S.B. No. 92 provides that those paid on salary basis, shall be paid on twelve equal installments of not less than the total amount under the law of the fiscal year of 1935, and not more than the maximum sum allowed the officers under the law existing on August 24, 1948, together with twenty-five per cent if the Court feels authorized to allow the twenty-five per cent. You will notice that this increase may be allowed to officers who were on a fee basis last year. I notice that the total amount allowed in 1935 is specified in Art. 3883 which provides the

base pay for the County officers at $2400.-
00 per year, and Art. 3891 provides in sub-
stance that one-third of the excess fees
may be added to the $2400.00. Therefore
the sheriff at that time was allowed $3,-
000.00. However under S.B. No. 123, the
Commissioner's Court had authority to in-
crease the officers salary (sheriff) twen-
ty-five per cent. Therefore in 1948 the
sheriff was entitled to the maximum fee
of $3750.00, and his fees for 1948 amount-
ed to a little more than $3750.00. S.B.
No. 123 is an amendment to Art. 3891. Art-
icles 3883 and 3891 provide the maximum
fees for officers and were enacted in 1933
by the 44th Legislature. Therefore I think
that the minimum salary to be paid the sher-
iff is not less than $3750.00; and if the
Commissioner's Court desired, they are auth-
orized to increase that amount 25% or the
sum allowed under the law of the fiscal
year of 1948 which would make a total of
$4687.50. The Court desires an answer as
to the minimum and maximum fees that may be
allowed the sheriff, as he will be paid a
salary and not fees.

"4. As I construe the law the sheriff
should pay the fees that he has earned and
collected to the County Treasurer who will
place the same in what may be specified
"Officer's Salary Fund." Should the sher-
iff's fees not be sufficient to pay his
salary monthly as it becomes due, out of
what fund would the officers be authorized
to make the deficient payment to complete
the monthly and annual salary of the sher-
iff?"

Walker County has a population according to
the 1940 Federal Census of 19,868 inhabitants and its
county officers in 1948 were compensated on a fee basis.
Therefore, the compensation of the sheriff in 1948 was
governed by the provisions of Articles 3883 and 3891,
V.C.S., as amended by S.B. 123, Acts of the 49th Legis-
lature. Under the above mentioned provisions the max-
imum compensation of the sheriff of Walker County was
$3750 ($3000 plus $750 increase allowed under S.B. 123).

Section 61 of Article XVI of the Constitution of Texas as amended provides that it shall be mandatory upon the Commissioners' Courts of this State to compensate the sheriff, deputy sheriffs, constables, deputy constables, county law enforcement officers and precinct law enforcement officers on a salary basis beginning January 1, 1949. Attorney General Opinion No. V-748. According to the facts presented, the Commissioners' Court of Walker County has placed the county officers (other than the County Commissioners and sheriff) on a fee basis.

Section 1 of S.B. 92, Acts of the 51st Legislature, provides:

"Section 1. The Commissioners Court in each county of this State is hereby authorized, when in their judgment the financial condition of the county and the needs of the officer justify the increase, to enter an order increasing the compensation of the precinct, county and district officers, or either of them, in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1948, whether paid on fee or salary basis; provided, however the members of the Commissioners Court may not raise the salaries of any of such Commissioners Court under the terms of this Act without raising the salary of the remaining county officials in like proportion."

In construing the above quoted provisions it was held in Attorney General Opinion No. V-864 that the Commissioners' Court was authorized to increase the compensation of its county officials in an additional amount not to exceed twenty five per cent of the amount allowed under the law (in the instant case, Articles 3883 and 3891, V.C.S. as amended) for the fiscal year 1948. In view of the foregoing, you are advised that the Commissioners' Court of Walker County may allow an increase in the compensation of the sheriff in an additional amount not to exceed $937.50 (25% of $3750). In other words, the increase allowed under S.B. 92 is an additional increase over and above the increase allowed in 1945 by S.B. 123 of the 49th Legislature.

Section 2 of S.B. 92 provides:

"The Commissioners Court in each county of this State is hereby authorized, when in their judgment the financial condition of the county and the needs of the deputies, assistants and clerks of any district, county or precinct officer justify the increase, to enter an order increasing the compensation of any such deputy, assistant or clerk in an additional amount not to exceed thirty-five (35%) per cent of the sum allowed under the law for the fiscal year of 1949."

Since Section 2 contains substantially the same language as Section 1, the same rule of law is applicable to deputies, assistants and clerks as well as county and precinct officers.

Section 3 of S.B. 92 provides:

"All of such officers who were paid on a fee basis during the fiscal year of 1948, and who are now to be paid on a salary basis, shall be paid an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year of 1935, and not more than the maximum sum allowed such officer under the laws existing on August 24, 1948, together with the twenty-five (25%) per cent increase allowed by this Act within the discretion of the Commissioners Court."

Since the sheriff of Walker County in 1948 was compensated on a fee basis and in 1949 has been compensated on a salary basis (Sec. 61 of Art. XVI, Const. of Texas) the maximum and minimum salary of the sheriff is fixed by the provisions of Section 3 of S.B. 92. You are therefore advised that the sheriff of Walker County is entitled to a salary of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935. You are further advised that the maximum compensation allowed under the law is $4,687.50 ($3750 plus $937.50).

Since the Commissioners' Court of Walker County has placed its county and precinct officers (other

4 and 5 of Article 3912e and therefore does not have an "Officers' Salary Fund." Section 61 of Article XVI of the Constitution of Texas requires the sheriff to pay into the County Treasury all fees earned by him. Since Walker County has no "Officers' Salary Fund," the salary of the sheriff should be paid out of the general fund.

### SUMMARY

Senate Bill 92, Acts of the 51st Legislature, fixes the minimum salary for the sheriff of Walker County at not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and fixes his maximum salary at not more than the maximum sum allowed him under laws existing on August 24, 1948 plus 25%. ($3750 plus $937.50).

The increase allowed the county and precinct officers under the provisions of Senate Bill 92, Acts of the 51st Legislature, is an additional increase over and above the increase allowed in 1945 by the provisions of Senate Bill 123, Acts of the 49th Legislature.

Section 61 of Article XVI of the Constitution of Texas requires the sheriff to pay into the County Treasury all fees earned by him, and since Walker County has no "Officers' Salary Fund," the salary of the sheriff should be paid out of the general fund of the county.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED

*Price Daniel*
ATTORNEY GENERAL

JR:mw

By *John Reeves*
John Reeves
Assistant